## HOLDCROFT TRANSP. CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 13152.

Circuit Court of Appeals, Eighth Circuit.

Feb. 21, 1946.

Louis S. Goldberg, of Sioux City, Iowa, for petitioner.

Harold C. Wilkenfeld, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and S. Dee Hanson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The petitioner asserts that the Commissioner of Internal Revenue and the Tax Court of the United States erroneously disallowed a deduction taken by petitioner in its income and excess-profits tax return for the fiscal year ended October 31, 1940. The disallowance caused a deficiency of $1,017.85 in petitioner's income tax and $314.19 in its declared value excess-profits tax for that year.

The question presented is whether the deduction claimed by petitioner was for capital expenditures, which were nondeductible, or for ordinary and necessary business expenses or business losses, which were deductible.

The facts are stipulated, and for the purpose of this opinion, may be stated briefly as follows:

The petitioner is an Iowa corporation engaged in business as a common and contract carrier by motor vehicle. It commenced operations on November 1, 1939, having on that day acquired the business and assets of a partnership of the same name in exchange for petitioner's common stock and the assumption by petitioner of the liabilities of the partnership. These liabilities included two claims known as the Cass and Miller claims, which grew out of a collision between a truck operated by the partnership and an automobile in which Cass and Miller were riding. The collision occurred January 16, 1935. Two suits were brought in the District Court of Woodbury County, Iowa, against the partnership, the partners, and the driver of the truck; one for the alleged wrongful death of Cass, and the other for personal injuries suffered by Miller. The defendants in these suits denied liability. The suits were still pending at the time

the petitioner took over the assets of the partnership and assumed its liabilities. The litigation was thereafter conducted by petitioner. In the Cass suit, a judgment for $7,417.10 had been entered in April, 1939. On a motion for a new trial, the plaintiff was ordered to remit $3,000 of the judgment or submit to a new trial. A remittitur was filed November 29, 1939. The petitioner concluded that to continue the litigation would jeopardize its credit, and "that business prudence dictated immediate settlement" of the controversy. On December 6, 1939, petitioner paid the Clerk of the District Court of Woodbury County, Iowa, $4,927 in full satisfaction of the Cass judgment. The Miller suit never came to trial. For the same reasons which induced the petitioner to pay the Cass judgment, it settled the Miller suit for $2,625. Petitioner paid, in addition, $17.59 Clerk's costs, $15 for an appearance bond, and $276.27 to its counsel for services in connection with the settlement of the Miller claim. The total amount paid by the petitioner with respect to both the Cass and Miller claims against the partnership was $7,860.86.

In its return for the fiscal year ended October 31, 1940, the petitioner deducted as "law expense" the entire $7,860.86. The Commissioner disallowed the deduction. The Tax Court, on review, allowed as a deduction the $276.27 paid by petitioner for services rendered by its attorneys. The Tax Court assumed that the services were rendered after November 1, 1939, in connection with the settlement of the Miller claim. The Tax Court disallowed the remainder of the claimed deduction upon the ground that it represented a capital expenditure, being part of the consideration for the acquisition by petitioner of the assets of the partnership. This resulted in the deficiencies of which the petitioner complains.

The contention of the petitioner, in substance, is that, since the Cass and Miller claims against the partnership were contingent on November 1, 1939, and since the business of the petitioner was a mere continuation of the business of the partnership,

the assets of which were acquired in a tax-free exchange, the amounts paid in settlement of the claims were not capital expenditures, but were either ordinary and necessary expenses of carrying on petitioner's trade or business, deductible under § 23(a) (1) [1] of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(a) (1), or losses sustained, deductible under § 23(f) [2] of the Code.

■ It is obvious that if what the petitioner paid in settlement of the claims against the partnership was a part of the purchase price of its assets, the payments were capital expenditures, and not current expenses or losses of the business of petitioner. The petitioner concedes that this would be true if the claims against its predecessor had been fixed liabilities, but is of the opinion that, since the claims were contingent and unliquidated at the time of the transfer, their subsequent payment, in order to preserve the petitioner's credit and business, may not be considered a capital expenditure. The payment by petitioner of the claims against the partnership reasonably can be attributed only to the assumption by petitioner of liability for those claims. The claims did not arise out of the operation of the business of petitioner. The expense of settling them was not an operating expense or operating loss of that business, but a part of the cost of acquisition of the property of the partnership; and the fact that the claims against the partnership were contingent and unliquidated at the time of acquisition is not, in our opinion, of controlling consequence. See and compare, Lifson v. Commissioner, 8 Cir., 98 F.2d 508, 510; United States v. Consolidated Elevator Co., 8 Cir., 141 F. 2d 791, 792–793; Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 907, 86 L.Ed. 1555.

■ The petitioner asserts that, because it acquired the assets of the partnership in a tax-free transfer by virtue of § 112(b) (5) and § 113(a) (8) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 112(b) (5) and § 113(a) (8), petitioner is in the same position with respect to expense and loss deductions as its

---

[1] Sec. 23(a) (1) allows as deductions: "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * * and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of

property to which the taxpayer has not taken or is not taking title or in which he has no equity."

[2] Sec. 23(f) allows a deduction to corporations for "losses sustained during the taxable year and not compensated for by insurance or otherwise."

predecessor would have been in if there had been no transfer. This contention is unsound. The statutes referred to expressly relate to the basis for determining gain or loss upon the sale or exchange of property. While the assets of the partnership transferred to petitioner took the same cost basis in its hands as they had in the hands of its transferor, there is no justification for a ruling that the petitioner could deduct from the gross income of its business, expenses or losses attributable to the operation of the business by its predecessor. An income tax deduction is a matter of legislative grace, and the burden is on the taxpayer to demonstrate his right to it. Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593, 63 S.Ct. 1279, 87 L.Ed. 1607.

The Tax Court's decision, we think, is correct. It is affirmed.