**JACK'S MAINTENANCE CONTRACTORS, INC., Petitioner-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

No. 82–4073.

United States Court of Appeals,
Fifth Circuit.

April 18, 1983.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Jonathan S. Cohen, Gayle P. Miller, Tax Div., Dept. of Justice, John H. Menzel, Atty., I.R.S., Washington, D.C., for respondent-appellant.

Michael S. Fawer, Chris McKinney Evans, New Orleans, La., for petitioner-appellee.

Before GOLDBERG, GEE and RANDALL, Circuit Judges.

**PER CURIAM:**

This case involves the deductibility by the taxpayer, Jack's Maintenance Contractors, Inc., of legal fees paid for its sole shareholder's defense against criminal tax evasion charges. The Tax Court found that the taxpayer could deduct the fees as ordinary and necessary business expenses. Because we find that the payments were constructive dividends to the shareholder, and further that they were not ordinary and necessary expenses of the taxpayer, we reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

The facts of this case as found by the Tax Court are uncontested. For a number of years, Jack Farmer operated a sole proprietorship, which did painting, sandblasting, waterproofing, and general repair work on buildings, bridges, and other structures. In 1972, Farmer formed a corporation, the taxpayer in this case, to carry on this business. Farmer has at all times been the sole shareholder of the corporation. In 1975, Farmer and his wife were indicted for tax evasion in their returns for 1970 and 1971. The alleged violations were the omission from the returns of certain receipts of the sole proprietorship.

The Farmers hired an attorney to defend them. The criminal charges were dismissed at the government's motion after the trial began, but the Farmers had already incurred $25,407.02 in legal fees. The Farmers personally paid the deficiencies found by the Commissioner in their 1970 and 1971 returns; the corporation paid the legal fees. There is no suggestion that the corporation expected the Farmers to repay the fees.

The corporation deducted the fees as business expenses on its 1975 tax return. The Commissioner disallowed the deduction; the corporation challenged the resulting deficiency assessment in the Tax Court.

The Tax Court found that Farmer's role in the day-to-day operation of the corporation was so vital that the corporation probably could not have survived without his presence. The Commissioner does not dis-

pute that finding. The Tax Court then upheld the deduction, relying on *Lohrke v. Commissioner,* 48 T.C. 679 (1967), for the proposition that a taxpayer may deduct as a business expense the payment of another's liability if the taxpayer has an acceptable business motive for making the payment. The court found that the corporation's need for Farmer's continued presence supplied the necessary business purpose.

On appeal, the Commissioner argues that the expense is not deductible by the corporation, both because the payment was a constructive dividend to Farmer and because it was not an ordinary and necessary expense of the corporation. In the alternative, the Commissioner argues that both Farmer and his wife were defendants in the prosecution but only Farmer was necessary to the business, so that even if a deduction is permitted, it should only be allowed for that portion of the fees attributable to Farmer's defense. We do not reach this last contention, because we agree with both of the prior ones.

## II. CONSTRUCTIVE DIVIDEND.

■ The Tax Court deemed it unnecessary to determine whether the corporation's payment of the Farmers' legal fees was a constructive dividend; we do not quite understand why it thought so. If the payment was a constructive dividend, it could not be deducted as a business expense. *United States v. Smith,* 418 F.2d 589, 596 (5th Cir.1969); 4A J. Mertens, *The Law of Federal Income Taxation* § 25.16 (1979).

■ A dividend need not be formally declared or even intended by the corporation that pays it; all that is necessary is that the corporation confer an economic benefit on a shareholder without expectation of repayment and that the primary advantage of the transaction be to the shareholder's personal interests rather than to the corporation's business interests. *Ireland v. United States,* 621 F.2d 731, 735 (5th Cir.1980); *Loftin & Woodard, Inc. v. United States,* 577 F.2d 1206, 1215–17 (5th Cir.1978); *Smith, supra.*

■ The corporation concedes that the payment of the Farmers' legal fees, which were an obligation of the Farmers and not of the corporation, conferred an economic benefit on Farmer. It contends, however, that it, not Farmer, was the primary beneficiary of the payment. While it is difficult to quantify the relative benefits to an individual of avoiding potential imprisonment and fine and to a corporation of staying in business, we have no hesitation in holding that the former far outweigh the latter. The payment was thus a dividend to Farmer and consequently not deductible by the corporation. *Smith, supra.*

The corporation, like the Tax Court, relies on *Lohrke, supra,* in its argument for deductibility. *Lohrke,* however, involved the payment by a shareholder of a liability of the corporation; the payment was held deductible by the shareholder as an ordinary and necessary expense of his business (licensing the patent under which the corporation manufactured the defective goods that gave rise to the corporate liability in question). Since *Lohrke* involved the shareholder's payment of the corporation's debt rather than vice-versa, the payment could not be a constructive dividend. *Lohrke* is thus inapposite to this case.

## III. ORDINARY AND NECESSARY BUSINESS EXPENSE.

■ Even if the payment were not a dividend, we would nevertheless deny the deduction because the payment was not an ordinary and necessary business expense of the corporation. The Tax Court held to the contrary, relying on *Lohrke.*

*Lohrke* is again distinguishable, however, because the payment here was of a personal expense of Farmer's: his (and his wife's) legal fees incurred in litigation arising out of his (and his wife's) tax returns. The corporation conceded at oral argument that had the expenses in question been for medical care necessary to keep Farmer alive, they would have been personal and thus not deductible by the corporation. We agree. *See, e.g., Cummins Diesel Sales, Inc. v. United States,* 207 F.Supp. 746, 748–49 (D.Or.1962), *aff'd,* 321 F.2d 503 (9th Cir.

1963) (wages of nurse, whose care was necessary to principal officer and shareholder of corporation, not deductible business expense of corporation because personal expense of patient).

We find no relevant distinction between such a case and this one; in both, the expense would be a personal one that was necessary to keep the shareholder-officer available to the corporation. The result urged by the corporation and reached by the Tax Court would permit a corporation to deduct any expense "necessary" to keep such an indispensable individual working for that corporation, no matter what the nature of that expense was. We think that rule would be far too broad, and that under any narrower rule the deduction must be disallowed.

## IV. CONCLUSION.

The deduction claimed by the corporation must be disallowed for two separate and independent reasons. First, the payment was a constructive dividend to Farmer and was thus nondeductible. Second, the nature of the expense, Farmer's legal fees resulting from litigation over his personal tax return, was personal and thus prevented any deduction as a business expense. We therefore REVERSE the decision of the Tax Court.