115 T.C. No. 14


UNITED STATES TAX COURT


LENWARD C. HOOD AND BARBARA P. HOOD, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

HOOD'S INSTITUTIONAL FOODS, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 4160-97, 4161-97.          Filed August 25, 2000.


        H operated a sole proprietorship, and later
incorporated HIF, which assumed the business of the
sole proprietorship.  H was sole shareholder and
president, and indispensable to the success, of HIF.
After HIF was incorporated, H was indicted and tried
for criminal tax evasion and false declaration arising
from the alleged failure to report income from the sole
proprietorship.  HIF paid legal fees for H's defense of
the criminal charges.

        Held, the facts of the instant cases are not
materially distinguishable from the facts of Jack's
Maintenance Contractors, Inc. v. Commissioner, T.C.
Memo. 1981-349, revd. per curiam 703 F.2d 154 (5th Cir.
1983).  In light of the reversal by the Court of
Appeals for the Fifth Circuit, we reconsider our
holding.

Held, further, because the payment of legal fees primarily benefited H, it is a constructive dividend to H and not deductible by HIF.  To the extent Jack's Maintenance Contractors, Inc. v. Commissioner, T.C. Memo. 1981-349, is inconsistent with this holding, it is not followed.

Held, further, because the legal fees were Mr. Hood's obligation, HIF may not deduct the expenses of another; Lohrke v. Commissioner, 48 T.C. 679 (1967), distinguished.  To the extent Jack's Maintenance Contractors, Inc. v. Commissioner, supra, is inconsistent with this holding, it is not followed.

Philip L. Kellogg, for petitioners.

Alan R. Peregoy, for respondent.

GALE, Judge:  These cases were consolidated for trial, briefing, and opinion.  Respondent determined the following deficiencies and accuracy-related penalties for petitioners Lenward C. and Barbara P. Hood's 1991 (calendar) taxable year and for petitioner Hood's Institutional Foods, Inc.'s, taxable year ended June 30, 1991:

| Petitioner | Deficiency | Sec. 6662(a) Penalty |
|---|---|---|
| Lenward C. & Barbara P. Hood | $4,385 | $877 |
| Hood's Institutional Foods, Inc. | 41,196 | 8,239 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the remaining issues for decision are:

(1) Whether petitioner Hood's Institutional Foods, Inc. (HIF), may deduct legal fees it paid to defend its sole shareholder, petitioner Lenward C. Hood, against criminal tax evasion and false declaration charges that arose from the tax reporting for Mr. Hood's sole proprietorship, the business of which was later assumed by HIF.  We hold that it may not.

(2) Whether petitioners Lenward C. Hood and Barbara P. Hood must include in income the amount of such legal fees paid by HIF during calendar year 1991.  We hold that they must.

(3) Whether HIF is liable for the section 6662(a) accuracy-related penalty with respect to the deduction of legal fees.  We hold that it is not liable.

FINDINGS OF FACT

At the time of the filing of the petitions, petitioners Lenward C. Hood and Barbara P. Hood resided in Ft. Washington,

---

[1] Petitioner Hood's Institutional Foods, Inc. (HIF), concedes that it is not entitled to a $2,442 deduction claimed in 1991 for vehicle expenses paid on behalf of Mrs. Hood and that the resulting underpayment is subject to a sec. 6662(a) penalty. Petitioners Lenward C. and Barbara P. Hood concede that their taxable income should be increased by $1,206 in 1991 due to a constructive dividend from HIF representing Mrs. Hood's vehicle expenses and that the resulting underpayment is subject to a sec. 6662(a) penalty.

Maryland, and petitioner HIF maintained its principal place of business in the District of Columbia.

From 1978 through June 30, 1988, Mr. Hood owned and operated a sole proprietorship in the District of Columbia under the trade name "Hood's Institutional Foods". The sole proprietorship engaged in the sale of food, paper and plastic goods, and related products to institutional customers, primarily governmental entities. Mr. Hood incorporated HIF on May 3, 1988. Commencing July 1, 1988, through the time of trial, the business formerly conducted by Mr. Hood as a sole proprietorship was conducted by HIF. Mr. Hood was, at all relevant times, the sole shareholder of HIF. Further, Mr. Hood supervised and managed all aspects of the business conducted through the sole proprietorship and later by HIF. He was solely responsible for computing bid amounts, negotiating bid amounts, and deciding whether or not to bid for particular jobs. His assistants made no important decisions without consulting him. When he took vacations, he spoke frequently with his assistants by telephone. In short, Mr. Hood was indispensable to the continued successful operation of HIF.

There was no written agreement executed by Mr. Hood and HIF setting forth HIF's assumption of the assets and liabilities of the sole proprietorship. However, HIF paid all of the sole proprietorship's accounts payable and received payment on the sole proprietorship's accounts receivable. Mr. Hood caused the

bank account of the sole proprietorship to be transferred to the name of HIF.[2]

In November 1990, Mr. Hood was indicted on two counts of criminal tax evasion under 26 U.S.C. sec. 7201 (1994) and two related counts of criminal false declaration under 26 U.S.C. sec. 7206(1) (1994). The allegations in the indictment related solely to the operation of, and Schedule C reporting of income from, the sole proprietorship for calendar years 1983 and 1984. Neither HIF nor Mrs. Hood was charged in the indictment. After a jury trial in May 1991, Mr. Hood was acquitted on all counts. During its taxable year ended June 30, 1991, HIF paid $103,187.91 in legal fees incurred in Mr. Hood's defense and deducted this amount on its return for that year. At the end of its June 30, 1991, taxable year, HIF had retained earnings of $247,593. HIF declared no dividends during that year.

Prior to Mr. Hood's indictment, respondent had issued a notice of deficiency to Mr. and Mrs. Hood (not at issue in these cases) in which respondent determined that there were deficiencies and civil fraud additions to tax applicable in each of the Hoods' taxable years 1983 through 1986, based on the operation of the sole proprietorship in those years. After Mr. Hood's acquittal, Mr. and Mrs. Hood entered into a settlement

---

[2] Previously, a substantial check had been drawn on this account to cover a security deposit and certain conversion costs for premises leased to HIF.

agreement with respondent in which it was agreed that Mr. and Mrs. Hood were liable for deficiencies and civil fraud additions to tax for, inter alia, tax years 1983 and 1984, the amount of which was paid by Mr. Hood personally.[3]

In separate statutory notices of deficiency issued to HIF and to the Hoods, respondent determined that HIF was not entitled to deduct the legal fees incurred during HIF's taxable year ended June 30, 1991, to defend Mr. Hood (i.e., $103,187.91) and that Mr. and Mrs. Hood received a constructive dividend equal to the legal fees paid by HIF during calendar year 1991; namely, $86,279.

## OPINION

The central issue in these cases is whether HIF may deduct the legal fees it paid for Mr. Hood's defense against criminal tax evasion and false declaration charges arising from Mr. Hood's reporting of the Schedule C, Profit or Loss From Business, income of a predecessor sole proprietorship. Respondent contends that HIF may not deduct the legal fees because their payment constitutes a constructive dividend to Mr. Hood and they otherwise do not qualify as ordinary and necessary business

---

[3] We take judicial notice of the stipulated decision of this Court entered in the referenced case under which the Hoods agreed they were liable for deficiencies and additions to tax totaling $107,517 plus additional amounts computed as 50 percent of the interest on $6,105, $27,530, and $63,817 for 1983, 1984, and 1985, respectively, and were due an overpayment of $28,350 for 1986.

expenses of HIF under section 162.[4]  Conversely, petitioners
contend that the legal fees are deductible by HIF as an ordinary
and necessary business expense and consequently are not a
constructive dividend to Mr. Hood.[5]  The parties base their
arguments primarily on Jack's Maintenance Contractors, Inc. v.
Commissioner, T.C. Memo. 1981-349, revd. per curiam 703 F.2d 154
(5th Cir. 1983), a case in which this Court held in virtually
identical circumstances that the corporation was entitled to
deduct the legal fees but on appeal was reversed by the Court of
Appeals for the Fifth Circuit on the grounds that payment of the
legal fees constituted a constructive dividend to the
shareholder.

The facts in Jack's Maintenance Contractors, Inc. are not
materially distinguishable from the facts of the instant cases.

---

[4] Respondent effectively concedes that the legal fees are
ordinary and necessary business expenses of Mr. Hood, having
taken the position at trial and on brief that, in the event it is
decided that HIF's payment of the legal fees is a constructive
dividend to Mr. Hood, he is entitled to a sec. 162 deduction in
the amount of the fees included in his income.

[5] Respondent determined that the legal fees constituted a
constructive dividend to Mr. Hood, and petitioners have not
argued that the payment constituted compensation to him,
deductible by HIF on that basis.  In any event, when a
corporation makes a payment to an individual who is both an
employee and a shareholder, the payment must have been intended
as compensation when made in order to be deductible as such.  See
Paula Constr. Co. v. Commissioner, 58 T.C. 1055 (1972), affd.
without published opinion 474 F.2d 1345 (5th Cir. 1973).  On its
return, HIF deducted the legal fees on a separate schedule from
the amounts it paid as compensation to Mr. Hood.

Jack Farmer owned a sole proprietorship engaged in building repair and construction contracting.  He incorporated Jack's Maintenance Contractors, Inc., which assumed the business of the sole proprietorship.  He was president and sole shareholder of the corporation and vital to its operations.  Three years after incorporation, he and his spouse[6] were indicted and tried for criminal tax evasion and false declaration with respect to the alleged failure to report income from the sole proprietorship during years prior to incorporation.  The corporation paid the legal expenses in defending the criminal charges against Mr. and Mrs. Farmer, which were ultimately dismissed.

In this Court's opinion in Jack's Maintenance Contractors, Inc., we allowed the corporate taxpayer a deduction for the legal expenses.  The Commissioner argued that under the "origin-of-the-claim" test established in United States v. Gilmore, 372 U.S. 39 (1963), the legal fees were not deductible by the corporation. We found, however, that the origin-of the-claim test in Gilmore addressed only whether the legal fees were nondeductible "personal" expenses or deductible "business" expenses.  We

---

[6] Petitioners point out that Mrs. Hood was not indicted, unlike the wife of the sole shareholder in Jack's Maintenance Contractors, Inc. v. Commissioner, T.C. Memo. 1981-349, revd. per curiam 703 F.2d 154 (5th Cir. 1983).  Thus, while the payment of legal fees in Jack's Maintenance Contractors, Inc. arguably benefited the shareholder's wife, it did not benefit Mrs. Hood in the instant cases.  In other words, there is arguably less benefit to Mr. Hood than there was to the shareholder in Jack's Maintenance Contractors, Inc.

concluded (as the Commissioner had conceded) that the fees were business rather than personal in origin and reasoned that the "real issue" in the case was whether one taxpayer may deduct the expenses of another. Relying on the exception in Lohrke v. Commissioner, 48 T.C. 679 (1967), to the general rule that a taxpayer may not deduct the expenses of another, see Deputy v. du Pont, 308 U.S. 488 (1940), we held that the legal fees were deductible by the corporation because the corporation had a sufficient business purpose in paying what were concededly the expenses of another (its shareholder/employee, Farmer); namely, ensuring its continued operations because Farmer was an indispensable employee. We further relied on Holdcroft Transp. Co. v. Commissioner, 153 F.2d 323 (8th Cir. 1946), affg. a Memorandum Opinion of this Court, in which a corporate successor to a partnership was allowed to deduct legal fees with respect to the settlement of outstanding claims against the parnership. In Jack's Maintenance Contractors, Inc., the appropriate treatment by Mr. Farmer of the legal fees was not before us, and we did not address the question of whether the corporation's payment of the fees was a constructive dividend.

The Court of Appeals reversed, holding that the fees were not deductible by the corporation, on two grounds. First, the Court of Appeals held that the legal fees were not deductible because they constituted a constructive dividend. In finding a

constructive dividend, the Court of Appeals applied the test of whether the payment primarily benefited the shareholder or the corporation and concluded that the shareholder was the primary beneficiary. As a second ground, the Court of Appeals held that in any event the legal fees were the personal expenses of the shareholder and not an ordinary and necessary business expense of the corporation. The Court of Appeals analogized the legal expenses to the shareholder's medical expenses, both of which were personal in its view, and concluded that any rule which permitted a corporate deduction of a shareholder's personal expenses on the grounds that the corporation's payment ensured the continued availability of an indispensable employee "would be far too broad". Jack's Maintenance Contractors, Inc. v. Commissioner, 703 F.2d 154, 157 (5th Cir. 1983), revg. per curiam T.C. Memo. 1981-349. The corporation's deduction was therefore disallowed.

Respondent advances two arguments in connection with the Jack's Maintenance Contractors, Inc. case. First, respondent attempts to distinguish it from the instant cases by arguing that Mr. Hood was not indispensable to HIF, unlike the shareholder in Jack's Maintenance Contractors, Inc. We disagree, as our findings of fact provide. Mr. Hood was just as indispensable to the business of HIF as Mr. Farmer was to the business of Jack's Maintenance Contractors, Inc. Second, respondent asks us to

adopt the approach used by the Court of Appeals over the approach used by this Court in Jack's Maintenance Contractors, Inc.[7] Petitioners, of course, believe that Jack's Maintenance Contractors, Inc. was decided correctly by this Court and urge us to follow it.[8]

Upon reconsideration of our opinion in Jack's Maintenance Contractors, Inc., and its reversal by the Court of Appeals, we

---

[7] Respondent concedes that this Court is not bound by the decision of the Court of Appeals for the Fifth Circuit, as the appeals of the instant cases lie elsewhere. See Peat Oil & Gas Associates v. Commissioner, 100 T.C. 271, 274 (1993), affd. sub nom. Ferguson v. Commissioner, 29 F.3d 98 (2d Cir. 1994); Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

[8] Petitioners also argue that HIF had a business purpose in paying the legal fees because it was potentially liable, as a transferee or successor of the sole proprietorship, for the deficiencies and penalties resulting from the Hoods' failure to report income of the sole proprietorship.

We believe HIF's exposure to transferee liability was insignificant. Petitioners' reliance on Bingham v. Goldberg. Marchesano. Kohlman. Inc., 637 A.2d 81, 89-90 (D.C. 1994), for the proposition that HIF would have been liable under State law as a transferee of the sole proprietorship as a "mere continuation" is misplaced. That case makes clear that under District of Columbia law transferee liability is not imposed under the "mere continuation" standard where the predecessor remains in existence, as is the case here with Mr. Hood. Moreover, Mr. Hood was able to, and in fact did, pay the deficiencies and additions to tax posited as the basis for HIF's purported transferee liability.

In any event, any business purpose premised upon the speculative possibility of HIF's transferee liability pales in comparison to the central business purpose argued in Jack's Maintenance Contractors, Inc. v. Commissioner, supra, and the instant cases; namely, the benefit of staying in business.

do not believe that we gave sufficient consideration to the possibility of a constructive dividend.  Nor do we think the facts in that case or the instant cases come within the terms of the exception in Lohrke v. Commissioner, supra, to the general rule that a taxpayer may not deduct the expenses of another.  We accordingly review these issues in the context of the instant cases.

Our conclusion in Jack's Maintenance Contractors, Inc. v. Commissioner, supra, relied in substantial part upon the holding in Lohrke v. Commissioner, supra, that a taxpayer may deduct the payment of the expenses of another if the motive in so doing is to protect or promote the taxpayer's business.  However, Lohrke, as well as the cases on which it relied, involved the payment by an individual of a corporation's expenses.  Where a corporation pays expenses incurred by its sole or controlling shareholder, as in the instant cases, an additional issue not considered in Lohrke is presented; namely, whether the corporation's payment should be treated as, in substance, a distribution of earnings.  Moreover, arrangements between a corporation and a controlling shareholder should be closely scrutinized.  See Electric & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1339 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974).  Accordingly, we agree with the Court of Appeals that consideration should have been given to whether there was a constructive dividend in Jack's

Maintenance Contractors, Inc.[9]  In addition, we believe <u>Lohrke</u> is further distinguishable from the situation in the instant cases on the basis of the showing made by the taxpayer of the reasons for paying another's expense.  In <u>Lohrke</u>, the taxpayer paid the expenses of another unable to do so; here, there has been no such showing.

A constructive dividend arises "Where a corporation confers an economic benefit on a shareholder without the expectation of repayment, * * * even though neither the corporation nor the shareholder intended a dividend."  <u>Magnon v. Commissioner</u>, 73 T.C. 980, 993-994 (1980).  There is no question that the payment of Mr. Hood's legal fees was an economic benefit conferred without the expectation of repayment, raising the question of a constructive dividend.  "However, 'not every corporate expenditure which incidentally confers economic benefit on a shareholder is a constructive dividend.'  The crucial test of the existence of a constructive dividend is whether 'the distribution was primarily for the benefit of the shareholder.'"  <u>Id.</u> at 994 (quoting <u>Loftin & Woodard, Inc. v. United States</u>, 577 F.2d 1206, 1214 (5th Cir. 1978)).  The existence of some benefit to the corporation is not enough to permit a corporate deduction; the

---

[9] In the instant cases, unlike <u>Jack's Maintenance Contractors, Inc. v. Commissioner</u>, <u>supra</u>, we have before us both the issue of the corporation's entitlement to a deduction and the shareholder's receipt of income arising from the corporation's payment of the legal expenses.

Court must weigh the benefit to the shareholder and the corporation, and "where the business justifications put forward are not of sufficient substance to disturb a conclusion that the distribution was primarily for shareholder benefit," a constructive dividend will be found. Sammons v. Commissioner, 472 F.2d 449, 452 (5th Cir. 1972), affg. on this issue and revg. and remanding on another issue T.C. Memo. 1971-145. The determination of whether the shareholder or the corporation primarily benefits is a question of fact, see id., and "The line between primarily for shareholder benefit and primarily for corporate benefit is often a difficult one to draw", Crosby v. United States, 496 F.2d 1384, 1389 (5th Cir. 1974).

As for the showing that a taxpayer must make in order to deduct the expenses of another, we note that in Lohrke v. Commissioner, 48 T.C. 679 (1967), the taxpayer had shown that the expenses he paid to protect his own business were those of a corporation unable to make payment. The taxpayer in Lohrke held a majority interest in a corporation that had provided defective synthetic fiber to a customer. The taxpayer individually carried on a separate trade or business of licensing the process to produce the synthetic fiber, from which he derived substantial royalty income. The customer suffered losses as a result of receiving the defective fiber, but the corporation, which was in serious financial difficulty, was unable to compensate the

customer. Because the corporation was unable to pay, the taxpayer guaranteed, and ultimately paid, the customer's losses because he was concerned that otherwise his reputation in the industry, and that of his patented process, would be damaged. We held that an exception existed to the general rule that a taxpayer may not deduct the expenses of another. The cases relied on in Lohrke likewise involved the taxpayers' payment of the obligations of others in financial difficulty. See, e.g., Lutz v. Commissioner, 282 F.2d 614 (5th Cir. 1960), revg. and remanding T.C. Memo. 1959-32; Pepper v. Commissioner, 36 T.C. 886 (1961); Snow v. Commissioner, 31 T.C. 585 (1958); Dinardo v. Commissioner, 22 T.C. 430 (1954). Thus, under the Lohrke line of cases, the adverse consequences for the payor taxpayer's business must be direct and proximate, as is demonstrated in these cases by the impact on a payor's business of an obligor's inability to meet his obligations. See also AMW Invs., Inc. v. Commissioner, T.C. Memo. 1996-235 (adverse effect on payor's business must be "clear, direct, and proximate"); Concord Instruments Corp. v. Commissioner, T.C. Memo. 1994-248 (same).

The "primary benefit" test for a constructive dividend and the standards under which a taxpayer may deduct the expenses of another both indicate that the showing a corporation must make to deduct the expenses of its shareholder is a strong one. To avoid constructive dividend treatment, the taxpayer must show that the

corporation primarily benefited from the payment of the shareholder's expenses. We do not believe petitioners have shown that HIF primarily benefited from the payment of Mr. Hood's legal expenses. In these cases, there is no evidence that, in deciding to pay the legal fees, genuine consideration was given to the corporate interests identified by petitioners; namely, loss of an indispensable employee if his legal expenses were not paid. To the contrary, it does not appear that HIF's failure to pay the legal fees would have caused it to go out of business. Mr. Hood in fact paid the deficiencies and civil fraud additions to tax arising from the years for which he was indicted as well as 1985, strongly suggesting that he had the wherewithal to pay the legal fees associated with his criminal defense. Certainly there was no showing that he could not. The evidence does not show that HIF would have ceased operations if it did not pay the legal fees, casting doubt on the claim that the primary purpose of the expenditure was to forestall this result. The benefits to Mr. Hood are obvious: free legal representation for which he would otherwise have to pay to avoid incarceration and/or a felony conviction. In these circumstances, "the business justifications put forward are not of sufficient substance to disturb a conclusion that the distribution was primarily for shareholder benefit". Sammons v. Commissioner, supra at 452. On these

facts, we hold that Mr. Hood, not HIF, was the primary beneficiary of the payment of his legal fees.

For similar reasons, we conclude that petitioners have not shown conditions sufficient to permit HIF to deduct the expenses of another, under the standards of Lohrke v. Commissioner, supra, and like cases. Petitioners have not shown that Mr. Hood was experiencing financial difficulty or was otherwise unable to pay his legal fees. Thus, while the incarceration of Mr. Hood might have caused HIF to cease operations, petitioners have not shown that HIF's failure to pay the legal fees would have led to Mr. Hood's incarceration. The benefits to HIF's business of paying Mr. Hood's legal fees are not as direct and proximate as the connection demonstrated in Lohrke, where the corporation's inability to compensate purchasers of its defective fabric prompted its shareholder, who collected royalties from the fabric's production process, to make the compensatory payments.

Finally, our opinion in Jack's Maintenance Contractors, Inc. v. Commissioner, supra, also relied upon the holding in Holdcroft Transp. Co. v. Commissioner, 153 F.2d 323 (8th Cir. 1946), that a corporation could deduct legal fees paid in connection with resolving a liability transferred to it by a predecessor partnership in a section 351 transaction. Upon reconsideration, we believe Holdcroft Transp. Co. is distinguishable. In that case, the liabilities were explicitly assumed by the corporation

and were the subject of litigation pending against the predecessor partnership at the time of the transfer.[10]  The legal fees were specifically incurred by the successor corporation for the purpose of defending its interests in the pending litigation. In the instant cases, HIF did not retain legal counsel to defend its interests in the criminal proceedings against Mr. Hood; HIF was not indicted.

For the foregoing reasons, we hold that HIF's payment of the legal fees was a constructive dividend, not deductible by HIF during its 1991 taxable year, and taxable to Mr. Hood as a dividend to the extent paid during calendar year 1991.[11]  We hold further that HIF is not entitled to a deduction for the legal fees it paid because they were the expenses of another, and HIF has not shown that the payment was made to protect or promote

[10] In these cases, petitioners have not argued reliance on respondent's positions announced in Rev. Rul. 95-74, 1995-2 C.B. 36; Rev. Rul. 83-155, 1983-2 C.B. 38; or Rev. Rul. 80-198, 1980-2 C.B. 113.  In those rulings, respondent permitted transferee corporations to deduct certain liabilities, including contingent liabilities, transferred from predecessors in sec. 351 transactions in various circumstances.

[11] HIF had earnings and profits well in excess of the amount of the legal fees paid, and petitioners have not disputed that the payment was made out of earnings and profits.  See secs. 301(a), (c), 316(a).

its own trade or business, under the standards of <u>Lohrke v. Commissioner</u>, <u>supra</u>, and similar cases.[12]

The remaining issue for consideration is whether HIF is liable for the accuracy-related penalty under section 6662(a) and (b)(1) (negligence or disregard of rules or regulations) with respect to the claimed deduction for the payment of legal fees. The term "negligence" includes any failure to make a reasonable attempt to comply with the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Given that HIF's reporting position was consistent with our holding in <u>Jack's Maintenance Contractors, Inc. v. Commissioner</u>, <u>supra</u>, we find there was no negligence or disregard of rules or regulations on the part of HIF.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.

Reviewed by the Court.

WELLS, CHABOT, COHEN, PARR, RUWE, WHALEN, COLVIN, HALPERN, BEGHE, CHIECHI, FOLEY, VASQUEZ, THORNTON, and MARVEL, <u>JJ</u>., agree with this opinion.

LARO, <u>J</u>., concurs in result only.

---

[12] Because we conclude that petitioner HIF does not come within the terms of the exception provided in <u>Lohrke v. Commissioner</u>, 48 T.C. 679 (1967), we do not consider the impact of the origin-of-the-claim doctrine announced in <u>United States v. Gilmore</u>, 372 U.S. 39 (1963), on the deduction of the legal expenses of another by a taxpayer meeting the terms of the exception provided in <u>Lohrke</u>.