T.C. Memo. 2006-261

UNITED STATES TAX COURT

FRANK M. SETTIMO AND SALLYN M. SETTIMO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5153-05.            Filed December 7, 2006.

<u>Joseph Falcone</u>, for petitioners.

<u>Laurie B. Schmidt</u> and <u>John W. Stevens</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioners petitioned the Court to
redetermine respondent's determination of deficiencies of $18,243
and $19,917 in their 2001 and 2002 Federal income taxes,
respectively, and section 6662 accuracy-related penalties of
$3,648.60 and $3,983.40, respectively.  Following the parties'
concessions, we are left to decide whether two S corporations

(collectively, S corporations) wholly owned by Frank Settimo (petitioner) may deduct child care expenses incurred with respect to petitioners' children. We hold they may not. Section references are to the Internal Revenue Code applicable to the subject years. Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some facts are stipulated. We incorporate herein by this reference the parties' stipulations of fact and the exhibits submitted therewith. We find the stipulated facts accordingly. Petitioners are husband and wife, and they filed joint 2001 and 2002 Federal income tax returns. They resided in Linden, Michigan, at all relevant times.

Petitioner started a window washing business (business) in March 1994. His wife began working in that business 2 years later. In June 1997, petitioner began hiring other individuals to work in the business. In 2001, petitioner conducted the business through his wholly owned S corporation, Professional Window Cleaning, Inc. (PWC). Petitioner terminated PWC as of the start of 2002 and began conducting the business through a second wholly owned S corporation, Algimarso Glass Cleaners, Inc. (AGC). For Federal income tax purposes, petitioner reported the income and expenses of the S corporations using the cash receipts and disbursements method.

During the respective subject years, approximately 24 and 31 individuals worked in the business. Petitioner's wife was employed by the S corporations to wash windows one or two days a week and to provide clerical services to the S corporations for approximately 10 to 15 hours per week. The S corporations did not formally pay her any wages during either year; she actually received wages from the S corporations of $4,480 and $5,000 during the respective years. Petitioner was employed by the S corporations essentially as their general and operations manager. As to the business, petitioner solicited professional advice and new customers; established a sales division; recruited, hired, evaluated, and dealt with each of the other workers in the business; assigned specific jobs to the window washers and monitored customer satisfaction as to those jobs; negotiated each window washer's compensation; and made daily business decisions, handled the business's finances, and assisted in clerical work. He also washed windows for the S corporations 5 or 6 days a week. PWC formally paid petitioner no wages during 2001, and AGC formally paid petitioner $6,800 in wages during 2002.

Petitioners had four children the ages of whom in 2001 were 10, 8, 4, and 2. When petitioner wife was washing windows for the S corporations, petitioners left their children with either a daycare service or a neighbor. Petitioners paid their neighbor in cash to watch their children, and petitioners paid the daycare

service with a check drawn on the bank account of PWC or AGC. For the subject years, PWC and AGC claimed deductions of $1,288 and $4,800, respectively, for the daycare expense of petitioners' children.

## OPINION

We decide the single issue mentioned above. In that we find that the facts underlying our decision of that issue are not in dispute, we decide that issue without regard to which party bears the burden of proof. The parties dispute two other issues in addition to the one that we decide. The first other issue concerns the amount of wages that petitioner failed to report for 2001 and 2002. The second other issue concerns whether all of the S corporations' workers are their employees. We do not decide either of those two other issues in that our decision of those issues is unnecessary to our redetermination of petitioners' Federal income tax deficiencies for the subject years. As to the first other issue, petitioner is the sole shareholder of the S corporations, and any amount of wages that he failed to report on his 2001 and 2002 Federal income tax returns will be offset entirely by the corresponding increase in the deduction that passes through to him from the S corporations. See Griffin v. Commissioner, T.C. Memo. 1995-246. As to the second other issue, that issue also does not affect our redetermination of petitioners' deficiencies.

As to the issue that we do decide, petitioners assert that the S corporations are entitled to deduct the daycare expenses of petitioners' children. Petitioners' entire argument in brief is as follows:

> Pursuant to Rev. Rul. 73-348, 1973-2 C.B. 31, the Respondent permits a corporation's payments to a day care center to provide care for the preschool children of its employees while they are at work to be deducted under IRC 162. Petitioner Sallyn Settimo could not have worked unless day care was provided to her preschool children. The Subchapter S Corporations paid for that day care.

We are unpersuaded by this argument. While section 162 allows a corporate taxpayer to deduct the ordinary and necessary expenses of its business, the mere fact that petitioner's wife may have been unable to work for the S corporations unless daycare was provided to her children does not necessarily mean that the payment of petitioners' daycare expenses is an ordinary and necessary expense of the S corporations. While respondent ruled in Rev. Rul. 73-348, supra, that a taxpayer was able to deduct the daycare expenses related to the children of its employees, the ruling notes that the expenses were "directly related" to the taxpayer's business. On the basis of the record at hand, we are unable to find that petitioners' daycare expenses were directly related to the business of the S corporations or, in other words, that those expenses are an ordinary and necessary expense of the

S corporations.[1]  Indeed, the only individuals whose children's daycare expenses were paid by the S corporations were the sole owner of the S corporations and his wife.

We hold for respondent.  We have considered all arguments in this case and consider those arguments not discussed above to be without merit.  To reflect issues settled by the parties,

Decision will be entered under Rule 155.

---

[1] Nor have petitioners shown that the primary beneficiary of the payments was either S corporation.  See <u>Hood v. Commissioner</u>, 115 T.C. 172, 179 (2000).