# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 5, 2013

No. 12-60533

Lyle W. Cayce
Clerk

OSVALDO RODRIGUEZ; ANA M. RODRIGUEZ,

Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent–Appellee.

Appeal from the Decison
of the United States Tax Court

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

Osvaldo Rodriguez and Ana M. Rodriguez ("Appellants") challenge a determination of tax deficiency made by the IRS. The IRS determined that, for 2003 and 2004, the gross income Appellants reported based on their ownership of a controlled foreign corporation should have been taxed at the rate of Appellants' ordinary income rather than the lower tax rate Appellants had claimed. Appellants challenged the IRS's determination before the Tax Court and lost. This appeal followed. For the reasons that follow, we affirm the Tax Court's determination.

No. 12-60533

**I**

Appellants are Mexican citizens and permanent residents of the United States who, during the relevant time periods, owned all of the stock of Editora Paso del Norte, S.A. de C.V. ("Editora"), a company that is incorporated in Mexico. Editora has a branch in the United States called Editora Paso del Norte, S.A. de C.V., Inc. Editora is a controlled foreign corporation ("CFC").

On October 15, 2005, Appellants amended their 2003 tax return to include an additional $1,585,527 of gross income attributable to their ownership of Editora's shares. At the same time, Appellants also filed their 2004 tax returns, in which they included $1,478,202 in gross income attributable to Editora. They reported both amounts as qualified dividend income, which was taxed at a rate of 15%, rather than the 35% at which their other income was taxed. On March 20, 2008, the IRS issued a notice of deficiency to Appellants. The notice indicated that Appellants' income tax payments for 2003 and 2004 were deficient in the amounts of $316,950 and $295,530, respectively, based on the IRS's determination that Appellants' Editora-attributable income should have been taxed as ordinary income rather than as qualified dividend income.

Appellants challenged the deficiency, and the case was submitted to the Tax Court on a fully stipulated record.[1] The only issue for the Tax Court was one of statutory interpretation: whether Appellants' income attributable to Editora constituted qualified dividend income subject to a lower tax rate than Appellants' ordinary income. The Tax Court ruled in favor of the IRS. After unsuccessfully seeking a revision of the Tax Court's determination, Appellants filed this appeal.

---

[1] The parties do not dispute the amounts of Editora-attributable income or the amount owed if the income is taxed as ordinary income. The parties also do not dispute that Editora qualifies as a controlled foreign corporation.

2

No. 12-60533

## II

As this is a direct appeal from a final decision of the Tax Court, we have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). In reviewing Tax Court decisions, we apply the same standard as applied to district court determinations. *Terrell v. Comm'r*, 625 F.3d 254, 258 (5th Cir. 2010). Since this case presents a purely legal issue of statutory interpretation, we review the Tax Court's decision de novo. *Id.*

## III

### A

The issue in this case is whether amounts included in Appellants' gross income for 2003 and 2004 pursuant to 26 U.S.C. §§ 951(a)(1)(B) and 956 (collectively, "§ 951 inclusions") constitute qualified dividend income under 26 U.S.C. § 1(h)(11). The § 951 inclusions would be subject to a lower tax rate if they constitute qualified dividend income. Ordinary income is taxed at a higher rate.

Sections 951 and 956 are provisions of the tax code intended to limit the deferral of taxes that would otherwise be owed to the United States. *See Elec. Arts, Inc. v. Comm'r*, 118 T.C. 226, 272 (2002). These sections require that CFC shareholders include CFC-owned United States property as part of the shareholder's gross income. 26 U.S.C. §§ 951(a)(1), 956(a). Tax deferrals are thus minimized because CFC shareholders lose the ability to defer United States tax obligations by keeping the CFC's earnings abroad or by investing in property instead of repatriating income through the payment of dividends.[2]

---

[2] "[I]ncome earned by a CFC . . . generally is subject to U.S. tax when the income is repatriated, for example as a dividend or a royalty. If the CFC invested the income in the United States, for example, by the purchase of property or a loan to the parent corporation, the income would be effectively repatriated in a manner that would escape current tax. Thus, generally, in the case of certain investments in U.S. property by a CFC, the U.S. shareholder must include in income an amount calculated by reference to the amount invested in the U.S. property." OFFICE OF TAX POLICY, DEP'T OF THE TREASURY, THE DEFERRAL OF INCOME EARNED

No. 12-60533

Section 951(a)(1)(B) requires that United States shareholders of CFCs "shall include in [their] gross income . . . the amount determined under section 956 with respect to such shareholder for such year . . . ."  26 U.S.C. § 951(a)(1)(B).  Section 956 describes how to determine a shareholder's pro rata share of United States property held by the CFC for inclusion as gross income. *Id.* § 956(a).  The parties do not dispute the amount calculated pursuant to § 956. Their only dispute is whether the amount determined by § 956 and included as income pursuant to § 951 constitutes "qualified dividend income" under § 1(h)(11).  Section 1(h)(11)(B)(i)(II) defines qualified dividend income as including "dividends received during the taxable year from . . . qualified foreign corporations." *Id.* § 1(h)(11)(B)(i)(II).  A dividend is "any distribution of property made by a corporation to its shareholders" out of its earnings and profits. *Id.* § 316(a).

There are also instances where a statute specifically states that certain income is to be treated as if it were a dividend. *See infra* Part III.C.  These "deemed dividend" provisions operate by legislative fiat.  Appellants argue that their § 951 inclusions constitute either actual dividends or deemed dividends. As explained below, Appellants' § 951 inclusions do not qualify as either.

**B**

Section 951 inclusions do not constitute actual dividends because actual dividends require a distribution by a corporation and receipt by the shareholder; there must be a change in ownership of something of value.  Since these § 951 inclusions involve no distribution or change in ownership, they do not constitute qualified dividend income.

Section 316(a) defines a dividend as "any *distribution* of property made by a corporation *to* its shareholders . . . ." 26 U.S.C. § 316(a) (emphasis added).  In

THROUGH U.S. CONTROLLED FOREIGN CORPORATIONS: A POLICY STUDY xv (Dec. 2000), http://www.treasury.gov/resource-center/tax-policy/Documents/subpartf.pdf.

the same vein, § 1(h)(11)(B)(i) defines "qualified dividend income" as "dividends *received* during the taxable year . . . ." 26 U.S.C. § 1(h)(11)(B)(i) (emphasis added). These statutory provisions illustrate what case law explicitly states: in determining when a dividend has issued, "[t]he question is not whether a shareholder ends up with 'more' but *whether the change in the form of his ownership represents a transfer to him, by the corporation*." *Comm'r v. Gordon*, 391 U.S. 83, 91 n.5 (1968) (emphasis added); *see also Jack's Maint. Contractors, Inc. v. Comm'r*, 703 F.2d 154, 156 (5th Cir. 1983) ("[A]ll that is necessary [for a dividend] is that the corporation *confer an economic benefit on a shareholder* without expectation of repayment and that the primary advantage of the transaction be to the shareholder's personal interests rather than to the corporation's business interests." (emphasis added)).

Section 951 inclusions do not qualify as actual dividends because no transfer occurs. Indeed, these statutory provisions exist specifically to account for instances where CFCs do not make transfers of value to shareholders. Under the statutes at issue here, ownership of the CFC's property does not change. On this basis alone, § 951 inclusions do not constitute actual dividends. Section 951 inclusions are calculated purely on the basis of CFC-owned United States property and the CFC's earnings, without any change of ownership. 26 U.S.C. § 956(a). Shareholders are required to count the CFC's earnings and property as part of their own gross income to ensure that they cannot defer United States tax obligations by keeping earnings abroad or investing in property instead of repatriating income through the payment of dividends. Section 956(a) makes clear that § 951 inclusions involve no transfer of ownership and no distribution to shareholders. Section 951 inclusions are calculated solely on the basis of property owned by the CFC. They thus do not constitute actual dividends.

It is also worth noting that, in the context of this case, Appellants—as Editora's sole shareholders—could have caused a dividend to issue. Had they

No. 12-60533

done so, the income at issue would have unquestionably qualified as dividend income subject to a lower tax rate, a point the IRS concedes. Appellants use this point to decry the outcome reached here. They urge the Court to avoid the "absurd, harsh, and unjust result" of taxing Appellants' § 951 inclusions at a higher rate than qualified dividend income, when Appellants, as Editora's sole shareholders, could have easily caused a dividend to issue, thereby avoiding this issue altogether.

This argument is unavailing. Appellants could have caused a dividend to issue. They could have also paid themselves a salary or invested Editora's earnings elsewhere. Each of these decisions would have carried different tax implications, thereby altering our analysis. Appellants cannot now avoid their tax obligation simply because they regret the specific decision they made.[3]

## C

In the alternative, Appellants claim that their § 951 inclusions should be deemed dividends. This argument is unpersuasive, however, because, when Congress decides to treat certain inclusions as dividends, it explicitly states as much, and Congress has not so designated the inclusions at issue here. *See, e.g.*, 26 U.S.C. § 851(b) ("For purposes of paragraph (2), there shall be *treated as dividends amounts included in gross income under section 951(a)(1)(A)(i)* . . . for the taxable year to the extent that . . . there is a distribution out of the earnings and profits of the taxable year . . . .") (emphasis added); 26 U.S.C. § 904(d)(3)(G)

---

[3] Appellants also attempt to avoid the outcome reached here by cursorily claiming that the tax law giving rise to beneficial treatment of dividend income came into effect after some of the decisions at issue had been made. That is, they make a brief attempt at contesting § 1(h)(11)'s retroactivity. However, aside from providing no substantive argument on point, their claim is unpersuasive. The Supreme Court has generally upheld tax laws with retroactive effect, going so far as to describe such laws as "customary congressional practice" that is often required by "the practicalities of producing national legislation." *United States v. Darusmont*, 449 U.S. 292, 296–97 (1981); *see also United States v. Carlton*, 512 U.S. 26, 32–35 (1994); *United States v. Hemme*, 476 U.S. 558, 568–71 (1986); *Welch v. Henry*, 305 U.S. 134, 150–51 (1938); *Milliken v. United States*, 283 U.S. 15, 23–24 (1931).

No. 12-60533

("For purposes of this paragraph, *the term 'dividend' includes any amount included in gross income in section 951(a)(1)(B).*") (emphasis added); 26 U.S.C. § 959(a)(1) ("For purposes of this chapter, the earnings and profits of a foreign corporation attributable to amounts which are, or have been, included in the gross income of a United States shareholder *under section 951(a) shall not* [be included as gross income] *when such amounts are distributed to . . . such shareholder . . . .*") (emphasis added); 26 U.S.C. § 960(a)(1) ("For purposes of subpart A of this part, if there is included under section 951(a) in the gross income of a domestic corporation any amount attributable to earnings and profits of a foreign corporation . . . then, except to the extent provided in regulations, section 902 *shall be applied as if the amount so included were a dividend paid by such foreign corporation . . . .*") (emphasis added).  Moreover, if all § 951 inclusions constituted qualified dividends, then statutory provisions specifically designating certain inclusions as dividends would amount to surplusage.  *Cf. Freeman v. Quicken Loans, Inc.*, 132 S. Ct. 2034, 2042–43 (2012) (statutory interpretations that avoid surplusage are favored); *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2248–49 (2011) (same).

Relatedly, the original version of § 956 specifically stated that Congress did not intend amounts calculated thereunder to constitute dividends.  Under the original language of § 956, enacted in 1962, CFC earnings invested in United States property "[are] the aggregate amount of such property held, directly or indirectly, by the [CFC] . . . *to the extent such amount would have constituted a dividend . . . if it had been distributed.*"  Revenue Act of 1962, Pub. L. No. 87-834, Sec. 12, § 956, 76 Stat. 960, 1015–16 (emphasis added).  This language was removed only in 1993 when the entire subpart was rewritten in light of other, new regulations.  Omnibus Budget Reconciliation Act of 1993, Pub. L. No. 103-66, Sec. 13232, § 956, 107 Stat. 312, 501.  It does not appear that the omission of this language from the new version of the statute was intended to change the

treatment of amounts calculated under § 956.  As these examples demonstrate, Congress specifically designates when § 951 inclusions are to be treated as dividends, and Congress has not so stated here.

Appellants' reliance on various non-binding secondary sources does not alter our analysis here because the sources cited are in each instance either non-binding or inapposite.  In the historical sources cited by Appellants, references to a conceptual equivalence between § 951 inclusions and dividend income do not carry the weight Appellants attribute because such comments were made at a time when there was no tax advantage to classifying CFC-owned property as a dividend; the distinction was treated loosely at the time because it did not carry tax implications.  Section 1(h)(11), the statute creating the tax disparity between dividend income and ordinary income, was not enacted until 2003.  *See* Jobs and Growth Tax Relief Reconciliation Act of 2003, Pub. L. No. 108-27, Sec. 302, 117 Stat. 752, 760 (enacting § 1(h)(11)).

For the reasons discussed above, it is clear that Congress did not intend to deem as dividends the § 951 inclusions at issue here.  The statute is completely silent, a fact which carries added weight when compared to the myriad provisions specifically stating that certain income is to be treated as if it were a dividend.  Appellants' reliance on other non-binding sources is unavailing.  As such, we affirm the Tax Court.

## IV

For the foregoing reasons, the judgment of the Tax Court is AFFIRMED.