Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/30/2024 09:11 AM CDT

- 481 -

**Nebraska Supreme Court Advance Sheets
317 Nebraska Reports**
PRECISION CASTPARTS CORP. v. NEBRASKA DEPT. OF REV.
Cite as 317 Neb. 481

**Precision Castparts Corp., appellant, v. Nebraska
Department of Revenue and Tony Fulton,
in his official capacity as Tax
Commissioner, appellees.**

___ N.W.3d ___

Filed August 30, 2024.    No. S-23-564.

1. **Administrative Law: Taxation: Final Orders: Appeal and Error.**
   Any final action of the Tax Commissioner may be appealed, and the
   appeal shall be in accordance with the Administrative Procedure Act.
2. **Administrative Law: Judgments: Appeal and Error.** In an
   Administrative Procedure Act review proceeding, the district court
   reviews the agency's decision de novo on the record of the agency and
   may affirm, reverse, or modify the decision of the agency or remand the
   cause for further proceedings.
3. ____: ____: ____. In an appeal under the Administrative Procedure Act,
   an appellate court may reverse, vacate, or modify the judgment of the
   district court for errors appearing on the record.
4. ____: ____: ____. When reviewing an order of a district court under
   the Administrative Procedure Act for errors appearing on the record, the
   inquiry is whether the decision conforms to the law, is supported by com-
   petent evidence, and is neither arbitrary, capricious, nor unreasonable.
5. **Judgments: Appeal and Error.** Whether a decision conforms to law
   is by definition a question of law, in connection with which an appel-
   late court reaches a conclusion independent of that reached by the
   lower court.
6. **Judgments: Statutes: Appeal and Error.** When an appeal calls for
   statutory interpretation or presents questions of law, an appellate court
   must reach an independent, correct conclusion irrespective of the deter-
   mination made by the court below.
7. **Statutes.** Statutory language is to be given its plain and ordinary
   meaning.

8. **Statutes: Words and Phrases.** Technical words and phrases and such others as may have acquired a peculiar and appropriate meaning in the law shall be construed and understood according to such peculiar and appropriate meaning.
9. **Taxation: Statutes: Judicial Construction.** Statutes imposing a tax are strictly construed against the government and in favor of the taxpayer, while exemptions from taxation are to be strictly construed in favor of the government and not extended by judicial construction.
10. **Federal Acts: Taxation.** Income included in federal taxable income pursuant to 26 U.S.C. § 965 (2018) does not qualify for deduction as "dividends . . . deemed to be received" under Neb. Rev. Stat. § 77-2716(5) (Reissue 2018).

Appeal from the District Court for Lancaster County, Kevin R. McManaman, Judge. Affirmed.

Matthew R. Ottemann and Nicholas K. Niemann, of McGrath North Law Firm, Michael B. Kimberly, Stephen P. Kranz, and Abbey Bowe, of McDermott, Will & Emery, L.L.P., pro hac vice, and Kelly M. Klaus and Rachel G. Miller-Ziegler, of Munger, Tolles & Olson, L.L.P., pro hac vice, for appellant.

Michael T. Hilgers, Attorney General, Eric J. Hamilton, and Zachary B. Pohlman for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.
## NATURE OF CASE
In this appeal, taxpayer Precision Castparts Corp. (Precision Castparts) contends that the income, which represented retained earnings of its foreign subsidiaries that were included on its 2017 federal tax return based on federal law, should have been deducted from income on its Nebraska return as "dividends . . . deemed to be received" under Neb. Rev. Stat. § 77-2716(5) (Reissue 2018). In a declaratory order, the Tax Commissioner denied Precision Castparts' request to amend its 2017 Nebraska corporation income tax return to claim a deduction for income included on its federal tax return.

- 483 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PRECISION CASTPARTS CORP. v. NEBRASKA DEPT. OF REV.
Cite as 317 Neb. 481

The district court for Lancaster County affirmed that order. Precision Castparts appeals the decision of the district court. Given the language of the Nebraska statute and the characterization of the income at issue by the U.S. Supreme Court, we affirm the order of the district court that affirmed the Commissioner's order denying Precision Castparts' efforts to claim the income as a deduction.

## STATEMENT OF FACTS

In 2017, Congress enacted the Tax Cuts and Jobs Act (TCJA), which included, inter alia, an overhaul of federal taxation of U.S. corporations that earn international income. As part of this overhaul, the TCJA changed the taxation of the earnings of a controlled foreign corporation (CFC). Prior to 2017, active business income from a CFC's offshore businesses was not generally taxed by the United States when it was earned, and it was taxable only when the income was repatriated to the United States, generally through a distribution to U.S. shareholders. Certain foreign earnings of a CFC could be taxed through a provision of the federal tax code referred to as "Subpart F" and codified at 26 U.S.C. § 951 et seq. (2018). Under 26 U.S.C. § 951, U.S. shareholders who owned at least 10 percent of a CFC's voting stock could be taxed on a proportionate share of specified categories of undistributed earnings.

"The TCJA transformed U.S. corporate taxation from a worldwide system, where corporations were generally taxed regardless of where their profits were derived, toward a territorial system, where corporations are generally taxed only on their domestic source profits." *Moore v. U.S.*, 36 F.4th 930, 933 (9th Cir. 2022), *cert. granted* ___ U.S. ___, 143 S. Ct. 2656, 216 L. Ed. 2d 1235 (2023). The TCJA "also modified CFC taxes going forward: effective January 1, 2018, a CFC's income taxable under Subpart F includes current earnings from its business." *Moore*, 36 F.4th at 933. "As part of this change, the TCJA created a new, one-time tax" codified at 26

- 484 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PRECISION CASTPARTS CORP. v. NEBRASKA DEPT. OF REV.
Cite as 317 Neb. 481

U.S.C. § 965 (Section 965). *Moore*, 36 F.4th at 933. Section 965(a) generally provides that for the 2017 tax year, "the subpart F income of such foreign corporation (as otherwise determined for such taxable year under section 952) shall be increased by . . . the accumulated post-1986 deferred foreign income of such corporation."

Precision Castparts is a corporation based in Oregon that sells its products in Nebraska and is subject to income tax in Nebraska. Precision Castparts included income pursuant to Section 965 in its 2017 federal income tax return. Precision Castparts did not include Section 965 income in the taxable base in the original Nebraska corporation tax return it filed for 2017, but it amended the return in December 2021 to include it.

In March 2022, Precision Castparts filed a request with the Nebraska Department of Revenue seeking a declaratory order authorizing Precision Castparts to amend its 2017 Nebraska return to deduct Section 965 income from its taxable base pursuant to § 77-2716(5), which provides a deduction from taxable income for "dividends received or deemed to be received from corporations which are not subject to the Internal Revenue Code." After briefing and oral arguments, the Tax Commissioner filed a declaratory order on May 26, 2022, in which he denied the request on the basis that § 77-2716(5) did not apply to Section 965 inclusion income.

In the declaratory order, the Tax Commissioner reviewed relevant federal income tax law and determined that Section 965 income added to Subpart F income "does not meet the definition of dividend nor is it deemed a dividend in the [Internal Revenue Code] or related Treasury Regulations." The Tax Commissioner cited "Treas. Reg. [§] 1.902-1(a)(11)" and *Rodriguez v. CIR*, 722 F.3d 306 (5th Cir. 2013), to determine that federal tax law makes "a distinction between a deemed dividend and a deemed inclusion" and that the term "dividend" includes deemed dividends under certain provisions of the Internal Revenue Code but does not include

- 485 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PRECISION CASTPARTS CORP. v. NEBRASKA DEPT. OF REV.
Cite as 317 Neb. 481

deemed inclusions under other provisions, including the provision of 26 U.S.C. § 951(a) at issue. The Tax Commissioner concluded that Section 965 income was a "deemed inclusion" rather than a "deemed dividend" and that therefore, it was not deductible under § 77-2716(5) as "dividends . . . deemed to be received."

Precision Castparts petitioned the district court for Lancaster County for review of the Tax Commissioner's declaratory order. The district court affirmed the declaratory order. In its order, the district court noted that the Nebraska Legislature had not "legislated with respect to the one-time inclusion of foreign subsidiary earnings from 1986 into the 2017 federal tax base, and the special transition taxation of the same." The court therefore reviewed how Section 965 income should be treated under existing Nebraska tax statutes, including § 77-2716(5).

The district court stated that it was clear that Section 965 income was not a dividend under federal tax law because there had been no distribution. Turning to Nebraska law, the court considered whether Section 965 income qualified as "dividends . . . deemed to be received" under § 77-2716(5). The court reasoned that in order to be under this statutory language, "a legislative body with the power to do so must . . . 'deem' the 965 inclusion income a dividend for it to be treated as a 'deemed dividend,'" and that it was "not enough that Congress merely deem[ed] it as income received." The district court agreed with the Tax Commissioner's reasoning and its citation in the declaratory order to federal tax law that made a distinction between a deemed dividend and a deemed inclusion. The district court reasoned that "Congress knows how to say a certain inclusion income is to be considered and treated as a dividend even when it is not," and it agreed with the Tax Commissioner's conclusion that the Section 965 inclusions are income, "but they do not qualify as 'dividends . . . deemed to be received' under [§ 77-2716(5)]." The district court concluded that Precision Castparts had "failed

- 486 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PRECISION CASTPARTS CORP. v. NEBRASKA DEPT. OF REV.
Cite as 317 Neb. 481

to establish it is entitled to use the deduction found in . . . § 77-2716(5) for that inclusion income." The district court therefore affirmed the Tax Commissioner's declaratory order.

Precision Castparts appeals the order of the district court.

## ASSIGNMENT OF ERROR

Precision Castparts claims that the district court erred when it concluded Section 965 income is not "dividends . . . deemed to be received" pursuant to § 77-2716(5) and therefore not deductible from federal taxable income to determine the Nebraska taxable income base.

## STANDARDS OF REVIEW

[1,2] Any final action of the Tax Commissioner may be appealed, and the appeal shall be in accordance with the Administrative Procedure Act. *Crow v. Nebraska Dept. of Rev.*, 316 Neb. 154, 3 N.W.3d 881 (2024). In an Administrative Procedure Act review proceeding, the district court reviews the agency's decision de novo on the record of the agency and may affirm, reverse, or modify the decision of the agency or remand the cause for further proceedings. *Crow, supra*.

[3-5] In an appeal under the Administrative Procedure Act, an appellate court may reverse, vacate, or modify the judgment of the district court for errors appearing on the record. *Crow, supra*. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Crow, supra*. Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Big Blue Express v. Nebraska Dept. of Rev.*, 309 Neb. 838, 962 N.W.2d 528 (2021).

[6] When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination

- 487 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PRECISION CASTPARTS CORP. v. NEBRASKA DEPT. OF REV.
Cite as 317 Neb. 481

made by the court below. *Konsul v. Asensio*, 316 Neb. 874, 7 N.W.3d 619 (2024).

## ANALYSIS

[7,8] The issue in this appeal is a matter of statutory interpretation: whether the income included in Precision Castparts' federal income pursuant to Section 965 qualifies for deduction under § 77-2716(5), which provides, "There shall be subtracted from federal adjusted gross income or, for corporations and fiduciaries, federal taxable income dividends received or deemed to be received from corporations which are not subject to the Internal Revenue Code." We therefore apply general rules of statutory construction, including that statutory language is to be given its plain and ordinary meaning, *Syring v. Archdiocese of Omaha, ante* p. 195, 9 N.W.3d 445 (2024), and that technical words and phrases and such others as may have acquired a peculiar and appropriate meaning in the law shall be construed and understood according to such peculiar and appropriate meaning, *In re Guardianship of Patrick W.*, 316 Neb. 381, 4 N.W.3d 833 (2024).

[9] In addition to the general rules of statutory construction, we have set forth standards specific to tax statutes. We have generally stated that statutes imposing a tax are strictly construed against the government and in favor of the taxpayer, while exemptions from taxation are to be strictly construed in favor of the government and not extended by judicial construction. *Big Blue Express, supra*. There appears to be no dispute in this case that Section 965 income was properly included in federal taxable income, which provides the starting point for determining Nebraska taxable income. Section 77-2716(5) provides a deduction from federal adjusted gross income to determine Nebraska taxable income, and it effectively exempts the deducted amount from taxation.

Neb. Rev. Stat. § 77-2714 (Reissue 2018) provides in part, "Any term used in sections 77-2714 to 77-27,123 shall have the same meaning as when used in a comparable context

- 488 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PRECISION CASTPARTS CORP. v. NEBRASKA DEPT. OF REV.
Cite as 317 Neb. 481

in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required." The federal tax statute 26 U.S.C. § 316(a) (2018) generally defines the term "dividend" to mean "any distribution of property made by a corporation to its shareholders . . . out of its earnings and profits." There does not appear to be any contention in this case that the Section 965 inclusion should be considered a "dividend," per se, because no actual distribution was made by Precision Castparts' CFCs or received by Precision Castparts. The issue instead is whether Section 965 income qualifies as "dividends . . . deemed to be received" under the language of § 77-2716(5). Precision Castparts argues that Section 965 income represented "dividends . . . deemed to be received" under § 77-2716(5), whereas the district court agreed with the Tax Commissioner's determination that Section 965 income is not "dividends . . . deemed to be received" under § 77-2716(5).

The parties' arguments regarding the proper interpretation of the phrase "dividends . . . deemed to be received" under § 77-2716(5) focus in large part on whether the word "deemed" within the phrase modifies "dividends" or "received." The Tax Commissioner focuses on whether the income inclusion under Section 965 was deemed to be a dividend, and he contends that nothing in the language of Section 965 deems the inclusion to be a dividend. Precision Castparts focuses on whether Section 965 deemed it to have received income properly classified as a dividend. Precision Castparts argues that Section 965 deemed it to have received a distribution of retained earnings from its CFCs and that such distribution, thus received, would have been a dividend.

For purposes of this appeal, however, we need not resolve whether one reading is more proper than the other. For purposes of this appeal, we consider whether Section 965 income may accurately be described in Nebraska law as "dividends . . . deemed to be received" under § 77-2716(5). Arguably, the phrase "dividends . . . deemed to be received" could

- 489 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PRECISION CASTPARTS CORP. v. NEBRASKA DEPT. OF REV.
Cite as 317 Neb. 481

encompass income that has been received that would not otherwise be considered a dividend but is treated by statute as a dividend, and it could also encompass income deemed to have been received when such income would be a dividend if it were received. As discussed below, we determine that Section 965 income is not "dividends . . . deemed to be received" either as nondividend income that is deemed to be dividends or as income deemed to be received that would be dividends if received.

Initially, we agree with the district court's observation and the Tax Commissioner's argument that the language of Section 965 did not explicitly deem the income inclusion to be dividends. "[W]hen Congress decides to treat certain inclusions as dividends, it explicitly states as much." *Rodriguez v. CIR*, 722 F.3d 306, 311 (5th Cir. 2013) (determining that Congress did not intend to deem certain inclusions pursuant to 26 U.S.C. § 951 to be dividends and contrasting those to other statutory sections in which Congress explicitly deemed other income inclusions to be dividends). Unlike the other statutory provisions cited in *Rodriguez, supra*, we see nothing in the language of Section 965 that explicitly states the inclusion is to be considered or treated as dividends. In that sense, Section 965 did not deem the income inclusion to be dividends.

Precision Castparts generally contends that Section 965 deems shareholders to have received distributions from their CFCs and that such distributions, if received, would be dividends, and Precision Castparts argues therefore that the Section 965 inclusion qualifies as "dividends . . . deemed to be received" under § 77-2716(5). Precision Castparts' argument has some appeal in that prior to the changes made by the TCJA in 2017, earnings of CFCs were generally not taxed to shareholders unless and until they were distributed to shareholders, and such distributions received by shareholders would meet the definition of dividends. However, there is nothing in the language of Section 965 that leads us to conclude that the statute operates by deeming the retained

- 490 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
PRECISION CASTPARTS CORP. v. NEBRASKA DEPT. OF REV.
Cite as 317 Neb. 481

earnings to have been distributed. Section 965 does not explicitly state as such, and we note that rather than stating that the inclusion should be taxed in the manner and at the rates applicable to dividends, Section 965 sets forth specific rates of taxation and other specific requirements for the income included pursuant to the statute.

In *Moore v. United States*, ___ U.S. ___, 144 S. Ct. 1680, 219 L. Ed. 2d 275 (2024), the U.S. Supreme Court considered a challenge to the constitutionality of Section 965. The Court ultimately rejected the constitutional challenge, and in so doing, it considered how Section 965 operates. In its analysis of the operation of Section 965, the Court indicated that Section 965 does not operate by deeming a distribution to have been made to shareholders. Instead, Section 965 treats the inclusion as pass-through income and attributes the retained earnings of a CFC to its shareholders.

The Court stated that the TCJA, through Section 965, "imposed a new, one-time pass-through tax on some American shareholders of American-controlled foreign corporations." *Moore*, 144 S. Ct. at 1686. The Court further stated that Section 965 "attributes the undistributed income of American-controlled foreign corporations to their American shareholders, and then taxes the American shareholders on that income," and that "[b]y doing so, [Section 965] operates in the same basic way as Congress's longstanding taxation of partnerships, S corporations, and subpart F income." *Moore*, 144 S. Ct. at 1696.

The Court described such pass-through treatment as follows: "For tax purposes, Congress has long treated some corporations and partnerships as pass-throughs: Congress does not tax the entity on its income, but instead attributes the undistributed income of the entity to the shareholders or partners and then taxes the shareholders or partners on that income." *Id.*, 144 S. Ct. at 1684-85. "Instead of the entity itself paying taxes, income is attributed to the entity's owners, such as shareholders or partners, who then pay taxes on the

- 491 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
317 NEBRASKA REPORTS
PRECISION CASTPARTS CORP. v. NEBRASKA DEPT. OF REV.
Cite as 317 Neb. 481

income of the entity even if the entity has not distributed any money or property to them." *Id.*, 144 S. Ct. at 1685.

In *Moore*, the Court contrasted pass-through treatment to treatment of other entities that pay taxes on the income and whose "shareholders are ordinarily not taxed on that income" and "[i]nstead, the shareholders typically pay taxes either when the corporation distributes money, stock, or other property to them as a dividend or when the shareholders sell their shares and have capital gains." 144 S. Ct. at 1685. The Court further acknowledged that prior to the TCJA in 2017, through Subpart F, Congress had "likewise treated American-controlled foreign corporations as pass-throughs" with respect to "a small portion of the foreign corporation's income, mostly passive income." *Moore*, 144 S. Ct. at 1685.

> The Court stated that the tax imposed pursuant to Section 965 addressed one of the problems that had arisen under the old system: For decades before the 2017 Act, American-controlled foreign corporations had earned and accumulated trillions of dollars in income abroad that went almost entirely untaxed by the United States. The foreign corporations themselves were not taxed on their income. And other than subpart F, which applies mostly to passive income, the undistributed income of those foreign corporations was not attributed to American shareholders for the shareholders to be taxed.

*Moore*, 144 S. Ct. at 1686. The Court stated that Section 965 "attributed the long-accumulated and undistributed income of American-controlled foreign corporations to American shareholders, and then taxed those American shareholders on their pro rata shares of that long-accumulated income." *Moore*, 144 S. Ct. at 1686.

The U.S. Supreme Court's characterization of Section 965 indicates that the statute does not operate by deeming shareholders to have received a distribution of retained earnings from CFCs. Instead, Section 965 employs pass-through treatment, which does not require a distribution of earnings to

- 492 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
317 NEBRASKA REPORTS
PRECISION CASTPARTS CORP. v. NEBRASKA DEPT. OF REV.
Cite as 317 Neb. 481

shareholders and instead attributes earnings realized by CFCs to the shareholders without regard to whether those earnings are distributed to the shareholders. We determine that such pass-through treatment does not operate by deeming a distribution to have been received by the shareholder and that, therefore, the operation of Section 965 does not qualify the income included as "dividends . . . deemed to be received" under § 77-2716(5).

[10] We determine that the language of Section 965 does not deem the income included to be dividends, and we determine that Section 965 employs pass-through treatment to attribute earnings to shareholders without deeming a distribution to have been made to shareholders. We therefore conclude that income included in federal taxable income pursuant to Section 965 does not qualify for deduction as "dividends . . . deemed to be received" under § 77-2716(5).

## CONCLUSION

We conclude that, based on the language of Section 965 and the U.S. Supreme Court's characterization of Section 965's operation in *Moore v. United States*, ___ U.S. ___, 144 S. Ct. 1680, 219 L. Ed. 2d 275 (2024), the income included and taxed pursuant to Section 965 does not qualify as "dividends . . . deemed to be received" under § 77-2716(5) and that, therefore, such income is not deductible in Nebraska. The district court therefore did not err when it similarly determined that the Section 965 inclusion did not qualify for the deduction and affirmed the declaratory order of the Tax Commissioner to the same effect. We reject Precision Castparts' appeal and affirm the order of the district court.

AFFIRMED.