# United States Tax Court

164 T.C. No. 4

EATON CORPORATION AND SUBSIDIARIES,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 28040-14.                    Filed February 24, 2025.

————

P is a domestic corporation and parent of two tiers of foreign corporations, with a domestic partnership (DP) interposed between the two tiers. For 2007 and 2008 DP included in its gross income under I.R.C. § 951 the subpart F income of the lower tier of foreign corporations as well as amounts determined under I.R.C. § 956. DP made no distributions to its partners in 2007 or 2008, and P did not increase its gross income on account of DP's inclusions under I.R.C. § 951. In a prior opinion applying I.R.C. § 312, we held that DP's inclusions under I.R.C. § 951 increased the earnings and profits of its partners, all of which are controlled foreign corporations.

The question before us now on Cross-Motions for Partial Summary Judgment is whether P is entitled to foreign tax credits with respect to taxes paid or accrued by the lower tier of corporations owned by DP under I.R.C. §§ 901, 902, and 960, even though DP's partners received no distributions from DP in 2007 and 2008.

*Held*: Under the plain text of I.R.C. §§ 902 and 960, in the circumstances here, P is not allowed foreign tax credits for income taxes paid or accrued by the lower tier of foreign corporations that were owned by DP.

**Served 02/24/25**

_____

*Rajiv Madan* and *Nathan Wacker*, for petitioner.

*William T. Lundeen*, *Ronald S. Collins*, and *Timothy L. Smith*, for respondent.

OPINION

KERRIGAN, *Chief Judge*: Respondent determined deficiencies in federal income tax and penalties for the 2007–10 calendar taxable years of Eaton Corp. (Eaton or petitioner). This case is currently before the Court on the parties' Cross-Motions for Partial Summary Judgment. Unless otherwise indicated, statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

Both Motions seek a ruling with respect to petitioner's entitlement to "deemed-paid" foreign tax credits (FTCs) for tax years 2007 and 2008. *See* § 902. During these years petitioner was the ultimate parent of two tiers of controlled foreign corporations (CFCs), with a domestic partnership interposed between the two tiers. The question for decision concerns the extent (if any) to which foreign income taxes paid or accrued by the lower tier CFCs pass up the chain to petitioner as deemed-paid credits under section 902. Petitioner alleges, and we assume without deciding in this Opinion, that the lower tier CFCs have paid foreign income taxes that qualify for credit under section 901.

According to respondent, petitioner's choice to interpose a domestic partnership between the two tiers of CFCs precludes its entitlement to deemed-paid credits. Respondent does not dispute that petitioner would be allowed deemed-paid FTCs arising from its section 951(a) inclusions with respect to the *upper tier* CFC partners, limited to the amount of foreign income taxes that they themselves paid or accrued. But respondent contends that the interposition of the partnership renders petitioner ineligible for deemed-paid credits for foreign income taxes paid by the lower tier CFCs.

Petitioner argues that its chosen structure does not preclude its entitlement to deemed-paid FTCs. Specifically, petitioner contends that the section 951 inclusions recognized by the domestic partnership should be treated as dividends under section 960(a) for the purpose of calculating Eaton's deemed-paid credits. On this point—a purely legal question—we agree with respondent.

*Background*

The parties do not dispute the following facts, which are drawn from the parties' Motion papers, Stipulations of Fact, and the Exhibits attached thereto. Petitioner was a domestic corporation with its principal place of business in Cleveland, Ohio, when it timely filed its Petition.

During 2007 and 2008 Eaton was the parent of an affiliated group of corporations (Eaton Group) that filed consolidated federal income tax returns. During these years members of the Eaton Group were 100% shareholders of three foreign corporations that were CFCs within the meaning of section 957. The three CFCs were (1) Eaton Holding III S.a.r.l., (2) Eaton Finance N.V.,[1] and (3) Eaton B.V.[2] We refer to these three entities as the "upper tier CFC partners." The upper tier CFC partners collectively held (directly or indirectly) 100% of the membership interests in a domestic partnership, Eaton Worldwide, LLC (EW LLC).

During 2007 and 2008 EW LLC owned equity interests in, and was the sole U.S. shareholder of, several CFCs within the meaning of section 957. We will refer to the latter entities as the "lower tier CFCs." The lower tier CFCs earned subpart F income within the meaning of section 952 and also generated amounts required to be determined under section 956. EW LLC accordingly took into account under section 951(a) the subpart F income and the amounts calculated under section 956 with respect to the lower tier CFCs. EW LLC issued Schedules K–1,

---

[1] Eaton Finance N.V. was an upper tier CFC partner for only a portion of the 2008 taxable year. Eaton Finance N.V. contributed the remainder of its interest in EW LLC to Eaton B.V. on April 2, 2008, and was no longer an upper tier CFC partner.

[2] For 2007 Eaton B.V. held a partnership interest in Eaton Worldwide, LLC, but was not itself considered an upper tier CFC partner because Eaton B.V. was disregarded as an entity separate from Eaton Finance N.V. for that year. Eaton B.V. elected to be treated as a corporation for federal income tax purposes effective January 1, 2008, began to be recognized separately, and was then considered as an upper tier CFC partner.

Partner's Share of Income, Deductions, Credits, etc., to the upper tier CFC partners reflecting their distributive shares of its income inclusions under section 951(a).

Eaton II, LP (Eaton II), a Scottish limited partnership, was one such lower tier CFC from February 1, 2007, through 2010. Eaton II was owned, directly and indirectly, by EW LLC and the upper tier CFC partners. Eaton II elected to be treated as a corporation for U.S. federal income tax purposes. Neither Eaton II nor any other lower tier CFC made any distributions of property to EW LLC in 2007 or 2008.

Separate from the lower tier CFCs, EW LLC during the relevant years owned all the common stock of Argo Tech Holdings Corp. (AT Holdings), a Delaware corporation, which EW LLC had purchased from a third party in March 2007. The sole asset of AT Holdings was the stock of Argo-Tech Corp., also a Delaware corporation. The parties stipulated that this interest constituted U.S. property held by the upper tier CFC partners for purposes of applying sections 951(a)(1)(B) and 956.

Before we issued our opinion in *Eaton Corp. & Subs. v. Commissioner* (*Eaton I*), 152 T.C. 43, 54 (2019), petitioner and its affiliates had not included the full amount determined under sections 951(a)(1) and 956(a) with respect to AT Holdings[3] because, in petitioner's view, the upper tier CFC partners had insufficient earnings and profits (E&P). *See* § 956(a)(2). In *Eaton I* we held that the upper tier CFC partners must increase their E&P on account of their allocations of EW LLC's section 951(a) inclusions with respect to the lower tier CFCs. *Eaton I*, 152 T.C. at 58. Under sections 951 and 956, therefore, petitioner was required to include in its consolidated income for 2007 and 2008 at least $73,030,810 and $114,065,635, respectively— that is, section 956 amounts related to EW LLC's ownership of AT Holdings. *Eaton I*, 152 T.C. at 58.

After we issued *Eaton I*, respondent filed a First Amendment to Answer contending that petitioner for 2007 has an additional section 951(a) inclusion of $65,620,820. According to respondent, this additional inclusion arises under Temporary Treasury Regulation § 1.956-1T(b)(4), the so-called loan anti-abuse rule. This rule applies here, in respondent's view, because the upper tier CFC partners are treated as holding certain debt obligations (CFC Loans) that were

---

[3] Neither did petitioner report any section 951(a) inclusions with respect to the lower tier CFCs.

funded by EW LLC and extended by Eaton II (a lower tier CFC) to AT Holdings.

Respondent bases his position on the allegation that, in March 2007, the upper tier CFC partners contributed approximately $456.6 million in cash to EW LLC, which enabled EW LLC to fund the CFC Loans. Respondent contends that the CFC Loans are "obligations of a United States person" and, as such, are U.S. property under section 956(c)(1)(C), generating an increased income inclusion for petitioner under section 951(a)(1)(B).

In this Opinion we do not address the merits of respondent's position under the "loan anti-abuse rule." The question we decide is whether, with respect to whatever section 951 inclusions Eaton is ultimately determined to have, Eaton is entitled to deemed-paid credits originating from the lower tier CFCs, again assuming that those CFCs have paid or accrued creditable foreign income taxes.

## *Discussion*

### I. *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). Under Rule 121(a), either party may move for summary judgment regarding all or any part of the legal issues in controversy. We may grant summary judgment only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98, T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74–75 (2001). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the adverse party. *Sundstrand Corp.*, 98 T.C. at 520.

The parties have filed Cross-Motions for Partial Summary Judgment on a purely legal question: whether the interposition of EW LLC between the two tiers of CFCs prevents petitioner from claiming deemed-paid FTCs stemming from income taxes paid or accrued by the lower tier CFCs. Neither party alleges any genuine

dispute of material fact that prevents us from deciding this question, and we find none.

II.     *Background Law*

The United States taxes its citizens and domestic corporations on worldwide income. *See, e.g.*, *Cook v. Tait*, 265 U.S. 47, 56 (1924); *Huff v. Commissioner*, 135 T.C. 222, 230 (2010). During 2007 and 2008 the Code provided U.S. citizens and domestic corporations a credit for income tax paid to a foreign country. § 901(a) and (b)(1); *Am. Chicle Co. v. United States*, 316 U.S. 450 (1942); *Vento v. Commissioner*, 147 T.C. 198, 203–04 (2016), *supplemented by* 152 T.C. 1 (2019), *aff'd*, 836 F. App'x 607 (9th Cir. 2021). A domestic corporation could also claim "deemed-paid" FTCs under sections 901 and 902 for foreign income taxes that it was deemed to have paid or accrued.

Petitioner claims FTCs on account of the section 951 inclusions determined in *Eaton I* (those related to AT Holdings) and also on account of any additional section 951 inclusions generated by respondent's invocation of the "loan anti-abuse rule." As to both sets of section 951 inclusions, petitioner contends that it should be deemed to have paid foreign income taxes that were paid by the lower tier CFCs on the E&P underlying the inclusions. In other words, while petitioner's section 951 inclusions reflect activity at the CFC partner level—i.e., EW LLC's investment in AT Holdings—petitioner argues that it is entitled to FTCs for taxes paid by the lower tier CFCs on their subpart F income and section 956 amounts. Petitioner's argument proceeds as follows: (1) the subpart F income and section 956 amounts generated by the lower tier CFCs created section 951 inclusions for EW LLC, (2) *Eaton I* held that those inclusions increased the E&P of the upper tier CFC partners, and (3) without the upper tier CFC partners' increased E&P, petitioner would not have had to include the section 956 amount related to AT Holdings. *See* § 956(a)(2). Thus, the taxes, petitioner says, should follow the E&P.

Credits, like deductions, are matters of legislative grace, so the applicable statutory provisions must be "strictly construed." *Helvering v. Nw. Steel Rolling Mills*, 311 U.S. 46, 49 (1940); *Chrysler Corp. v. Commissioner*, 436 F.3d 644, 654 (6th Cir. 2006).

Before 2018,[4] section 902(a) provided:

[A] domestic corporation which owns 10 percent or more of the voting stock of a foreign corporation from which it receives dividends in any taxable year shall be deemed to have paid the same proportion of such foreign corporation's post-1986 foreign income taxes as—

> (1) the amount of such dividends (determined without regard to section 78), bears to
> (2) such foreign corporation's post-1986 undistributed earnings.

To ensure that the FTC provided by section 901(a) follows dividends up a chain of ownership that includes more than one tier of foreign corporations, the Code deems foreign corporations, under specified circumstances, to have paid the same proportion of the foreign income taxes paid by another group member as would be determined under section 902(a) "if such foreign corporation were a domestic corporation." § 902(b)(1). Under this regime, section 902(b)(1) deems a foreign corporation to be a domestic corporation for purposes of section 902(a) if the foreign corporation satisfies two conditions: (1) it is a member of a "qualified group" as defined in section 902(b)(2), and (2) it receives dividends from another member of that qualified group of which it owns 10% or more of the voting stock. § 902(b)(1).

For the purpose of section 902, members of a qualified group include

> (A) the foreign corporation described in [section 902(a)], and
> (B) any other foreign corporation if—
> > (i) the domestic corporation owns at least 5 percent of the voting stock of such other foreign corporation indirectly through a chain of foreign corporations connected through stock ownership of at least 10 percent of their voting stock,
> > (ii) the foreign corporation described in [section 902(a)] is the first tier corporation in such

---

[4] Congress repealed section 902 in 2017. Tax Cuts and Jobs Act, Pub. L. No. 115-97, § 14301, 131 Stat. 2054, 2221 (2017).

> chain, and (iii) such other corporation is not below the sixth tier in such chain.

§ 902(b)(2). Relatedly, section 951(b) defines United States shareholder to mean, "with respect to any foreign corporation, a United States person (as defined in section 957(c)) who owns . . . 10 percent or more of the total combined voting power of all classes of stock entitled to vote of such foreign corporation."

III.   *Analysis*

For section 902 to apply there needs to be receipt of a dividend. *See* § 902(a) (providing for deemed-paid credit where domestic corporation owns stock of a foreign corporation "from which it receives dividends"). Respondent argues that no dividends were paid in 2007 or 2008 and, therefore, foreign income taxes paid by the lower tier CFCs are not deemed paid by entities in higher tiers. Petitioner agrees that section 902 alone does not provide for a credit but contends that, through section 960, section 951 inclusions carry deemed dividends up through the chain of ownership, ultimately to the domestic parent corporation, and that deemed-paid credits are available regardless of whether the parent owns the lower tier CFCs directly or through a partnership.

Petitioner specifically relies upon section 960(a)(1), which provides:

> [I]f there is included under section 951(a) in the gross income of a domestic corporation any amount attributable to earnings and profits of a foreign corporation which is a member of a qualified group (as defined in section 902(b)) with respect to the domestic corporation, then, except to the extent provided in regulations, section 902 shall be applied as if the amount so included were a dividend paid by such foreign corporation . . . .

Petitioner further relies upon the section 960 regulations, which echo the statute:

> If a domestic corporation is eligible to compute deemed-paid taxes under section 960(a)(1) with respect to an amount included in gross income under section 951(a), then, such domestic corporation shall be deemed to have paid a portion of the foreign corporation's post-1986 foreign

> income taxes determined under section 902 . . . in the same manner as if the amount so included were a dividend . . . .

Treas. Reg. § 1.960-1(i)(1).

In short, section 960(a) applies if a domestic corporation has a section 951(a) inclusion with respect to the E&P of a member of its qualified group. § 960(a)(1). If these conditions are met, section 902 applies as if the amount so included were a dividend paid by such foreign corporation. § 960(a)(1).

The parties agree on one aspect of the statutory analysis: Because petitioner (a domestic corporation) had a section 951(a) inclusion (the section 956 amount related to AT Holdings) with respect to the E&P of a member of its qualified group (the upper tier CFC partners), section 902 applies as if that section 951 inclusion were a dividend paid by the upper tier CFC partners. Thus, under section 902 petitioner would be entitled to FTCs for any taxes paid by the upper tier CFC partners with respect to such amounts. But that is not what petitioner seeks; rather, petitioner seeks to apply section 960 with respect to the lower tier CFCs.

If a domestic corporation has a section 951 inclusion attributable to the E&P of an indirectly held CFC that is a member of a "qualified group" with respect to the domestic corporation, section 960(a) treats the inclusion as a hypothetical dividend paid from the indirectly held CFC directly to the domestic corporation. In this scenario section 960 uses a mechanism where the foreign income taxes paid by the lower tier CFCs "hopscotch" to the domestic corporation with the section 951(a) inclusion. This scenario is not what is before us.

Here, petitioner, the only domestic corporation in view, had no section 951(a) inclusions with respect to the subpart F income and section 956 amounts generated by the lower tier CFCs. Instead, EW LLC—a domestic partnership, not a domestic corporation—had the section 951(a) inclusions with respect to the lower tier CFCs. And EW LLC's section 951(a) inclusions were not included in the gross income of a domestic corporation. Rather, EW LLC was the United States shareholder required under section 951(a)(1) to include in gross income its pro rata share of the subpart F income generated by the lower tier CFCs. The upper tier CFC partners, which are foreign corporations, included their distributive shares of EW LLC's section 951(a) inclusions with respect to the lower tier CFCs in their gross income pursuant to sections 61(a)(13) and 702(c). *Eaton I*, 152 T.C. at 54. In short, neither

any CFC partner nor EW LLC was a domestic corporation. Therefore, the "hopscotch" mechanism under section 960 is not triggered, because the statutory predicate in section 960(a) was not satisfied.

Petitioner's reliance on *Eaton I* in support of its position is misplaced. Petitioner adopts as its premise that subpart F requires that the upper tier CFC partners compute their gross income as if they were domestic corporations and that a foreign corporation's E&P is determined according to rules substantially similar to those applicable to domestic corporations. From this premise petitioner concludes that the upper tier CFC partners should be considered domestic corporations when determining whether a section 951(a) inclusion was included in the gross income of a domestic corporation under section 960. We disagree: The conclusion does not follow from the premise.

We held in *Eaton I*, 152 T.C. at 53, that "the rules set forth in section 312 and its regulations must be applied in determining the E&P of the upper tier CFC partners of EW LLC." At that stage we were dealing only with computation of the upper tier CFC partners' E&P, not with whether they should be deemed domestic corporations for any purpose. The computation of gross income and E&P are statutorily different from each other, and both are statutorily different from computations under section 902 and 960. Section 312 is not applicable to the computation of gross income, and sections 902 and 960 are not applicable to the calculation of E&P of a domestic corporation. The latter statutes prescribe mechanisms to provide domestic corporations credits for income taxes they pay to foreign governments. Different sets of rules apply for calculation of gross income and E&P, and the rules cannot be interchanged.

Petitioner fails to point to any Code or regulatory provision that supports its conclusion. While we recognize that obviating double taxation is a fundamental concept of the FTC regime, "section 951 inclusions are not to be treated as dividends absent express provision in the Code or the regulations." *Rodriguez v. Commissioner*, 137 T.C. 174, 178 (2011), *aff'd*, 722 F.3d 306 (5th Cir. 2013). Furthermore, as petitioner itself points out, any double taxation will be temporary, because petitioner will be entitled to the FTCs it seeks as soon as the earnings of the lower tier CFCs are distributed up to petitioner through the chain of ownership.

To summarize, no credit for taxes paid by the lower tier CFCs is available to petitioner under either of the two Code sections that allow

for deemed-paid credits. There is no credit under section 902 because there was no dividend distribution, and there is no credit under section 960 because the section 951(a) inclusions with respect to the lower tier CFCs were not taken into gross income by a domestic corporation.[5] Because petitioner cannot show that it is entitled to be deemed to have paid foreign income tax, it is not entitled to a credit on account of the same under section 901(a).

The same result would follow with respect to any additional section 951 inclusions attributable to application of the "loan anti-abuse rule" to the upper tier CFC partners. Section 960 would apply because petitioner (a domestic corporation) would have a section 951(a) inclusion (the new section 956 amount) with respect to the E&P of a member of its qualified group (the upper tier CFC partners). Therefore, section 902 would apply as if that section 951 inclusion were a dividend paid by the upper tier CFC partners, and petitioner would be entitled to FTCs for any taxes paid by the upper tier CFC partners with respect to such amounts. But no credit would be available for taxes paid by the lower tier CFCs with respect to their subpart F income and section 956 amounts.

It bears emphasizing that petitioner chose this structure. If EW LLC were not interposed between two tiers of foreign corporations, section 951(a) inclusions with respect to the lower tier CFCs would be taken into account directly by Eaton, and section 960 would apply to deem Eaton to have paid the lower tier CFCs' foreign income taxes. Instead, petitioner structured ownership of its foreign corporations to avoid Eaton's making section 951(a) inclusions with respect to the lower tier CFCs. Petitioner's chosen structure does not trigger section 960, and ultimately, petitioner does not get the benefit of being deemed to pay foreign income taxes paid by the lower tier CFCs. *See Commissioner v. Nat'l Alfalfa Dehydrating & Milling Co.*, 417 U.S. 134, 148–49 (1974) (emphasizing the established tax principle that while taxpayers are free to structure transactions as they choose, they nevertheless must accept the tax consequences of their choices).

---

[5] Section 960 applies only to domestic corporations (not to a domestic partnership like EW LLC or to foreign corporations like the upper tier CFC partners), a point confirmed by section 962, which gives a United States shareholder who is an individual the opportunity to elect to be taxed a domestic corporation.

IV.   *Conclusion*

Petitioner has failed to establish that it is entitled to partial summary judgment on the issue of its entitlement to deemed-paid FTCs with respect to section 951(a) inclusions generated by the lower tier CFCs and included in the gross income of EW LLC.  For the same reasons, respondent has established that, as a matter of law, he is entitled summary judgment on the issue because for 2007 and 2008 Eaton has not been deemed to pay any foreign taxes under section 902 or 960.

We have considered all of petitioner's arguments, and to the extent not discussed above, we find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

*An appropriate order will be issued.*